The Honorable Eric Harris State Representative Post Office Box 7602 Springdale, Arkansas 72766-7602
Dear Representative Harris:
I am writing in response to your request for an opinion regarding the use of revenues received in connection with local police and fire pension funds. Specifically, you recite the following information and pose the following question:
 The pension fund assets for local police and fire pension funds are comprised of monies derived from local mileages [sic], employer and employee contributions, investment earnings, and state insurance premium tax distributions under Arkansas Code §§ 24-11-213 and 24-11-214. Understandably, these assets are held for the specific purpose of paying retirement liabilities for firefighters and police officers (see Arkansas Code §§ 24-11-805 and 24-11-417). The only other use I know of allowed by law would be a consolidation with LOPFI as allowed in § 24-10-302. Therefore, after all benefit recipients have passed away, is it appropriate to transfer the remaining assets of the local pension fund to that location's LOPFI account for funding their ongoing retirement costs for firefighters and police officers for that department? Also, can the remaining assets be used for any purpose other than retirement costs?
RESPONSE
I am somewhat uncertain as to the focus of your first inquiry regarding whether it is "appropriate" to transfer the funds in question. If you are asking whether it is *Page 2 
legal, under current law, to transfer remaining assets of a local pension fund with no beneficiaries to that location's LOPFI account, in my opinion this is legal in only two instances. The first is, as you note, under A.C.A. § 24-10-302. The second involves the administration of "inactive" funds under A.C.A. §§ 24-11-406 (police) and24-11-804 (fire). If your first question asking whether it is "appropriate" to transfer the remaining assets of such a fund instead seeks an opinion on whether it would be good public policy for the legislature to authorize such a transfer, in my opinion this is a determination for the General Assembly and is not a question answerable in an official Attorney General's opinion. In my opinion there is no constitutional impediment to the General Assembly authorizing assets of local pension funds to be used for LOPFI contributions. In response to your second question, in my opinion current statutes restrict the usage of assets remaining in a local pension fund to pension or retirement purposes as described below. In addition, constitutional restrictions limit the use of any locally levied police or fire millages to the purpose for which they were levied.
Question 1 — Is it appropriate to transfer the remaining assets of thelocal pension fund to that location's LOPFI account for funding theirongoing retirement costs for firefighters and police officers for thatdepartment?
I am uncertain as to the focus of this first inquiry. In asking whether it is "appropriate" to transfer such local pension funds to the location's LOPFI account,[1] I am not sure whether you are asking whether it would be legal under current law to make such a transfer, or whether it would be good public policy for the legislature to authorize such a transfer. The former is an appropriate question for a formal Attorney General opinion, the latter is not.
Assuming you are asking whether it is legal to transfer revenues in a local pension fund with no beneficiaries to the locality's local "LOPFI" account, in my opinion this is legal under current law in only two instances. Those two instances were discussed in Op. Att'y Gen.2005-098, issued by my predecessor. In that opinion, the question presented was whether "local property taxes that were levied to *Page 3 
support a local pension plan [could] be used as revenues for all LOPFI matching contributions." The Opinion noted that there was no general authority to use local pension fund property taxes for "all LOPFI contributions," but that there were certain limited instances in which local pension fund revenues could be used for LOPFI system payments. One instance cited is the one you mention, regarding a city opting for LOPFI coverage under A.C.A. § 24-10-302. Another instance occurs through LOPFI's administration of "inactive funds" with less than four active members. That issue is addressed in A.C.A. § 24-11-406 (police) and § 24-11-804 (fire). I will refer you to Opinion 2005-098 and the applicable statutes for the requirements governing that procedure. It is sufficient to note herein that the applicable provision of each statute provides, in the event that LOPFI takes over the administration of such a fund, that:
 (5)(A) Once a fund becomes inactive and a retirement reserve is created as required by this section, the employer may continue to collect such millages, fines, fees, state insurance tax turnback, and other revenues as allowed by law for the support of police retirement programs.
 (B) The revenues shall be deposited locally in an account designated by the employer solely for making payments to the system and shall be used for no other purpose; and
 (6)(A) All employer contributions for inactive funds shall be made in such amounts, and in such manner, form, and frequency, as the Board of Trustees of the Arkansas Local Police and Fire Retirement System shall require.
Id. at A.C.A. § 24-11-406(b)(4)(A), (4)(B) and (5)(A) (police pension funds) (emphasis added). See also A.C.A. § 24-11-804(b)(4)(A), (4)(B), and (5)(A) (containing similar language with regard to fire pension funds, and stating that the revenues shall be used "solely for makingpayments to the system for employee coverage administered under thesystem, and for no other purpose") (emphasis added).
In my opinion where a fund has fewer than four active members, these are the applicable provisions allowing the revenues you mention to be utilized for LOPFI system contributions. The only other authority to use local pension funds for *Page 4 
LOPFI contributions is as stated in A.C.A. § 24-10-302 discussed earlier. In my opinion a municipality does not have any current legal authority, acting independently of these statutes, to transfer the funds in question. See, e.g., A.C.A. § 14-43-601(a)(1)(F) (Repl. 1998) (excluding pension matters from the definition of "municipal affairs" and stating that such matters are "state affairs . . . subject to the general laws of the State of Arkansas").
To the extent you seek an answer to whether it is "appropriate" as a matter of public policy to transfer local pension funds remaining after the death of the last beneficiary to the local LOPFI account, whether pursuant to the statutes above or under some new legislative authorization, this is a matter for the General Assembly to determine, subject of course to any constitutional limitations. I will note in this regard that you are currently sponsoring a number of retirement-related bills in the 86th General Assembly, including HB 1095 and HB 1099, which appear to be related to this issue. I express no opinion on the policy decisions entrusted to the General Assembly in this regard. I will note, however, that in my opinion, the General Assembly may constitutionally provide for the use of remaining local pension fund balances for retirement of employees participating in LOPFI.
Question 2 — Also, can the remaining assets be used for anypurpose other than retirement costs?
In my opinion the remaining assets you mention in a local pension fund may only be used under current law for pension purposes, or retirement purposes as mentioned above. In your request, you mention "monies derived from local mileages [sic], employer and employee contributions, investment earnings, and state insurance premium tax distributions under Arkansas Code §§ 24-11-213 and 24-11-214."
In my opinion millage revenues collected under Arkansas Constitution, Amendment 31,[2] as implemented by A.C.A. §§ 24-11-404 and24-11-812, may *Page 5 
only be used for the purposes for which they were levied. This result is compelled by the statutes just cited as well as by A.C.A. §24-11-417 ("The [local police pension and relief] fund shall be securely held and distributed for the purpose of pensioning the persons mentioned in this subchapter and for no other person or purpose whatsoever"); and A.C.A. § 24-11-805 ("All moneys provided for the fund by this act shall be paid over to and received by the treasurer of the city or town for the sole use and benefit of the firemen's relief and pension fund, and the fund shall be used for no other purpose"). With regard to millage revenues, in my opinion this result is also compelled by Arkansas Constitution, Amendment 31 and by art. 16, § 11, which provides that "No tax shall be levied except in pursuance of law, and every law imposing a tax shall state distinctly the object of the same; and no moneys arising from a tax levied for any purpose shall be used for any other purpose." Where voters levy a millage to support police or fire pensions, in my opinion the funds may not be constitutionally diverted by the General Assembly or municipalities to another purpose.[3]
With regard to "employer and employee contributions" remaining in local pension funds, in my opinion these revenues are statutorily restricted under current law to use for pension purposes, or retirement purposes as described above. See A.C.A. §§ 24-11-413(a)(6)(A) and (b) (Supp 2005)[4] ; 24-11-417; and A.C.A. § 24-11-816(e)(1) (Repl. 2002). Investment revenues are similarly restricted under current law.See A.C.A. § 24-11-413(b) (Supp. 2005); § 24-11-417 (Repl. 1998) and § 24-11-805(a)(1) (Supp. 2005).
With regard to "state insurance premium tax distributions under Arkansas Code §§ 24-11-213 and 24-11-214" these funds are apportioned and allocated pursuant to *Page 6 
A.C.A. §§ 24-11-213 and 214, and are ultimately distributed by the Department of Finance and Administration to the local police and fire pension funds. See A.C.A. § 19-6-454; 24-11-303(b) (Repl. 1998) and Act 2298 of 2005, § 4. Once placed in the local pension funds, the statutory restrictions on use of the funds for purposes other than pension or retirement purposes attach. See A.C.A. §24-11-417 and § 24-11-805 (restricting each fund to use for pension purposes). In my opinion, therefore, there is no current statutory authority to use these revenues for any purpose other than pension or retirement purposes.[5]
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] "LOPFI" is the acronym for the Local Police and Fire Retirement System governed by A.C.A. §§ 24-10-101 to -619 (Repl. 2002 and Supp. 2005). It was created in 1981 and generally covers police and firefighters first employed after the "operative date" of the system.See A.C.A. § 24-10-301. Your reference to local pension funds is not to LOPFI, but rather to any pension funds that may have been organized under local management pursuant to the pre-LOPFI legislation currently codified at chapter 11 of title 24 of the Code.
[2] That Amendment provides as follows:
 After consent of the majority of those voting on the question at any general or special election in cities of the first or second class, the cities may annually thereafter, levy a tax on the assessed value of real and personal property, not to exceed two mills on the dollar, from which there shall be created a Fund to pay Retirement Salaries and pensions to policemen and firemen theretofore or thereafter earned, and pensions to the widows and minor children of such, as may be provided by law. The annual levy for the Policeman's Retirement Salary and Pension Fund shall not exceed one mill on the dollar, and the annual levy for the Fireman's Retirement Salary and Pension Funds, shall not exceed one mill on the dollar. The manner of such levy of the tax, and the eligibility for the retirement salaries and pensions, the several amounts thereof and when payable, shall be such as may be provided by law.
[3] To the extent Op. Att'y. Gen. 93-216 comes to a different conclusion, I disagree with it.
[4] The 2005 supplement to this section inexplicably omits subsections (b) and (c) of the statute, although the latest amendment to the statute, by Act 1934 of 2005, did not omit these subsections. That act amended only subsection (a) of A.C.A. § 24-11-413, and did not address subsections (b) and (c). Presumably their omission in the 2005 supplement is a codification error.
[5] One existing statute, A.C.A. § 24-10-411, authorizes a city or town with a balance in its local police or fire pension fund, but no participants, to transfer excess revenues from its "LOPFI subsidy account" to the city or town general fund for capital improvements. This statute was presumably passed to allow an additional, different use of excess LOPFI subsidy funds, where the local pension funds, which were also authorized to receive such excess, did not need it. This statute addresses the transfer of moneys out of the LOPFI subsidy account, however, not the transfer of any moneys remaining in the local pension fund. It therefore does not authorize a use of local pension funds for other than pension purposes. Again, to the extent Opinion 93-216 differs from this conclusion, I disagree with it.